UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reverend Franklin C. Reaves, Ph.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> Sherry R. Rhodes, individually and in her ) <br> official capacity as Clerk of Court for Marion ) <br> County; Mark Richardson, individually and in ) <br> his official capacity as Sheriff of Marion ) <br> County; Levon Nichols, individually and in his ) <br> official capacity as Deputy Sheriff of Marion ) <br> County; Willie Dean White, individually; City ) <br> of Mullins; Pam Lee, individually and in her ) <br> official capacity as Mayor; Terry B. Strickland, ) <br> individually and in his official capacity; Terry ) <br> Davis, individually and in her official capacity; ) <br> Wayne Collins, individually and in his official ) <br> capacity; Jo A. Sanders, individually and in her ) <br> official capacity; Patricia A. Phillips, ) <br> individually and in her individual capacity; ) <br> Carolyn Wilson, individually and in her official ) <br> capacity; City of Mullins Police Department; ) <br> Kenny Davis, individually and in his official ) <br> capacity as Chief of Mullins Police Department; ) <br> South Carolina Department of Social Services, ) <br> ) <br> Defendants. ) <br> _____ ) | C/A No.: 4:10-125-TLW-TER <br><br><br><br><br><br><br><br> **REPORT AND RECOMMENDATION** |

**I.     INTRODUCTION**

Presently before the Court are Defendants Levon Nichols, Sherry R Rhodes, Mark Richardson, and South Carolina Department of Social Services' (collectively, "the Marion Defendants") Motion for Attorneys' Fees (Document # 123) and Defendants Wayne Collins, Kenny Davis, Terry Davis, Pam Lee, City of Mullins Police Department, City of Mullins, Patricia A

Phillips, Jo A Sanders, Terry B Strickland, and Carolyn Wilson's (collectively, "the Mullins Defendants") Motion for Attorneys' Fees (Document # 124). Plaintiff has not filed Responses to these Motions. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

## II. FACTS

In his Complaint, Plaintiff asserted that his federal and state rights were violated when he was arrested pursuant to South Carolina family court bench warrants and forced to pay child support which had never been ordered to be paid. The facts revealed that Plaintiff was never arrested for failing to pay child support or compelled to pay child support as alleged; rather, Plaintiff was arrested pursuant to several bench warrants issued by several South Carolina Family Court judges because he repeatedly failed to pay alimony as had been ordered by the Marion County Family Court in September 1988. The undersigned recommended dismissal based upon the Rooker-Feldman doctrine to the extent Plaintiff challenged the Family Court's order to pay alimony. The undersigned also recommended that dismissal as to Defendants Sherry Rhodes, Sheriff Richardson, and Deputy Nichols was appropriate because they were entitled to quasi-judicial immunity. Finally, the undersigned recommended that dismissal was appropriate because, as noted above, Plaintiff was never arrested for failing to pay child support, but rather for failing to pay alimony.

## III. DISCUSSION

Defendants seek attorneys' fees pursuant to 42 U.S.C. § 1988, Rule 54(d)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 54.02, D.S.C. 42 U.S.C. § 1988 provides, in pertinent part, that "[i]n any action or proceeding to enforce a provision of sections ... 1983 ... of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable

attorney's fee as part of the costs... ." Prevailing defendants are entitled to an award of fees under § 1988. Lotz Realty Co., Inc. v. U.S. Dep't of Housing and Urban Devel., 717 F.2d 929, 931 (4th Cir. 1983). In order for a prevailing defendant to recover fees, it must show "that the plaintiff's claim 'was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)); see also Hughes v. Rowe, 449 U.S. 5, 15 (1980). It is not necessary for an award of attorney's fees under § 1988 for the court to conclude that the action was brought in subjective bad faith. Cleveland v. City of Seneca, No. 09-626, 2010 WL 1692941 (D.S.C. Apr. 26, 2010) (quoting DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir.1999)).

Plaintiff has an extensive history of litigation with this court.[1] In at least two previous cases, Plaintiff attempted to challenge the same Marion County Family Court Order at issue here and both cases were dismissed pursuant to the Rooker-Feldman doctrine. See Reaves v. South Carolina Department of Social Services et al, 4:08-cv-00576-TLW and Reaves v. Marion County, et al, 4:96-cv-00995-CMC. For this reason, Plaintiff's claims were frivolous, unreasonable, and groundless and an award of attorneys' fees is appropriate. Accordingly, the court must next

---

[1] See Reaves v. Marion County, et al ,4:96-cv-00995-CMC; St Mary African, et al v. Hubbard, et al, 4:98-cv-02052-CMC; Reaves, et al v. Marion County, et al, 4:98-cv-02098-MBS; Reaves v. Marion County, et al, 4:98-cv-03021-CMC; Reaves v. Mullins, City of, et al, 4:00-cv-00528-MBS; Reaves, et al v. Williams, et al, 4:00-cv-03081-CWH; Reaves v. Mullins, City of, et al, 4:00-cv-03874-TLW; Reaves v. Richardson, et al, 4:01-cv-02016-TLW; Reaves v. Page, et al, 4:02-cv-03260-TLW; Reaves v. Graves, et al, 4:04-cv-01543-TLW; Reaves, et al v. SC Democratic Party, et al, 4:04-cv-02047-TLW; Reaves, et al v. Sweeney, et al, 4:04-cv-22206-TLW; Reaves et al v. State of South Carolina, 4:05-cv-00566-TLW; Reaves et al v. Mullins, City of et al, 4:07-cv-01487-TLW; Reaves et al v. Mullins, City of et al, 4:07-cv-03559-TLW; Reaves v. South Carolina Department of Social Services et al, 4:08-cv-00576-TLW; Reaves et al v. City of Mullins et al, 4:08-cv-01818-TLW; Reaves et al v. Stetson et al, 4:09-cv-00816-TLW; Reaves et al v. Stetson et al, 4:09-cv-00817-TLW; Reaves v. Rhodes et al, 4:09-cv-00820-TLW.

determine whether the fees requested are reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "[T]he critical inquiry in determining the reasonableness [of a fee award] is now generally recognized as the appropriate hourly rate." Blum v. Stenson, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). "If the hourly rate is properly calculated, the product of reasonable hours times the reasonable rate normally provides a reasonable attorney's fee ..." Daly v. Hill, 790 F.2d 1071, 1077 (4th Cir.1986) (internal quotation marks and citations omitted).[2]

Marion Defendants' Request for Attorneys' Fees and Costs

In his Affidavit, counsel for the Marion Defendants submits that he spent a total of 94 hours and his paralegal a total of 15 hours on tasks directly related to the litigation of this action since their receipt of the Complaint on January 5, 2010. King Aff. ¶ 7. Upon review of the tasks performed as listed in the Affidavit, and in light of Barber factors one and two[3], the undersigned finds the amount of time spent on this action is reasonable.

---

[2] To determine the reasonable hours and the reasonable rate, court should, as appropriate, consider (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n. 28 (4th Cir.1978).

[3] That is, (1) the time and labor expended and (2) the novelty and difficulty of the questions raised.

Next, counsel avers that he has defended hundreds of civil rights and governmental tort liability actions before this court and South Carolina state courts. King Aff. ¶ 3. He also has published and given presentations at nationwide and statewide conferences on topics such as Eleventh Amendment immunity, qualified immunity and the like. Id. Generally, his firm represents defendants in civil rights and governmental tort liability actions via assignment form the South Carolina Insurance Reserve Fund (IRF) and he was retained by the IRF to represent the Marion Defendants in this action. Id. at ¶¶ 4, 6. The standard rate paid state-wide by the IRF to all attorneys of comparable seniority and experience as counsel in non-employment civil rights and governmental tort litigation is $140 per hour. Id. at ¶ 5. The IRF pays paralegals at the rate of $70 per hour. Id. In light of Barber factors three, four, five, and nine[4], the court finds these rates to be appropriate. Applying these rates to the hours expended by counsel and his paralegal, the amount of attorney's fees in this case comes to $13,160 for counsel and $1,050 for his paralegal, for a total of $14,210.

Counsel also avers that the Marion Defendants incurred costs totaling $723.80. Id. at ¶ 11. These costs include the filing fee, court reporter costs for three depositions, PACER access charges, printing costs, postage for service of pleadings and discovery, and Westlaw charges. Id. These costs are appropriate under § 1988. See Spell v. McDaniel, 852 F.2d 762, 771 (4th Cir.1988) ("A prevailing [party] in a civil rights action is entitled, under § 1988, to recover those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.").

---

[4]That is, (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; and (9) the experience, reputation and ability of the attorney. The remaining Barber factors are not particularly relevant in this action.

Therefore, the undersigned recommends the Marion Defendants be awarded attorney's fees and costs totaling $14,933.80.

Mullins Defendants' Requests for Attorneys' Fees and Costs

Douglas Baxter, counsel for the Mullins Defendants, avers that he and three other attorneys spent a total of 49.6 hours in the defense of this action. Baxter Aff. ¶ 8. Specifically, Douglas Baxter spent 35.3 hours, Michelle Kelley spent 12.9 hours, Mason Summers spent 0.4 hours and Allison Smith spent 1.0 hour on this action. Id. Upon review of the tasks performed as listed in the Affidavit, and in light of Barber factors one and two, the undersigned finds the amount of time spent on this action is reasonable.

Next, Baxter avers that he is a Partner with Richardson, Plowden & Robinson, P.A. (the firm) and that a significant portion of his practice involves defending governmental entities and officials in federal civil rights cases and South Carolina tort claims actions. Id. at ¶¶ 2-3. Kelly, Summers, and Smith are Associates with the firm. Id. at ¶¶ 4-5. The firm was retained by the South Carolina Municipal Insurance and Reserve Fund (SCMIRF) to defend the Mullins Defendants in this action. Id. at ¶ 6. SCMIRF has established rates of $150.00/hour for Partners and $110.00/hour for Associates defending cases of this nature. Id. at ¶ 7. In light of Barber factors three, four, five, and nine, the court finds these rates to be appropriate. Applying these rates to the hours expended by counsel, the amount of attorney's fees in this case comes to $6,868.

Baxter also avers that the Mullins Defendants incurred costs totaling $71.32, which includes duplication of documents and postage. Id. at ¶ 9. These costs are appropriate under § 1988. See Spell, 852 F.2d at 771.

Therefore, the undersigned recommends the Mullins Defendants be awarded attorney's fees

and costs totaling $6,939.32.

## IV.    CONCLUSION

For the reasons discussed above, it is recommended that the Marion Defendants' Motion for Attorney's Fees (Document # 123) be granted and Levon Nichols, Sherry R Rhodes, Mark Richardson, and South Carolina Department of Social Services be awarded fees and costs in the amount of $14,933.80 and that the Mullins Defendants' Motion for Attorney's Fees (Document # 124) be granted and Wayne Collins, Kenny Davis, Terry Davis, Pam Lee, City of Mullins Police Department, City of Mullins, Patricia A Phillips, Jo A Sanders, Terry B Strickland, and Carolyn Wilson be awarded fees and costs in the amount of $6,939.32.[5]  Should the district judge adopt this recommendation, it is further recommended that Plaintiff be directed to pay these fees and costs within 30 days of the date of the Order by the district judge.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 3, 2012
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[5]To be clear, the recommendation is that these fees should be awarded to Defendants collectively.  That is, $14,933.80 total should be awarded to Levon Nichols, Sherry R Rhodes, Mark Richardson, and South Carolina Department of Social Services, not to each individual Defendant, and the same holds true for the award of $6,939.32 to Wayne Collins, Kenny Davis, Terry Davis, Pam Lee, City of Mullins Police Department, City of Mullins, Patricia A Phillips, Jo A Sanders, Terry B Strickland, and Carolyn Wilson.  Should Defendants wish to direct how these proceeds should be paid, they must file something in writing within the time allowed to file Objections to this Report and Recommendation.